JOHN B. BAY AND RENEE C. E. BAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bay v. Commissioner
Docket No. 22997-93
United States Tax Court
T.C. Memo 1994-389; 1994 Tax Ct. Memo LEXIS 398; 68 T.C.M. (CCH) 396; 94-2 U.S. Tax Cas. (CCH) P47,951; August 17, 1994, Filed *398 Decision will be entered for respondent. John B. Bay, pro se. For respondent: Henry N. Carriger. ARMEN
ARMEN
MEMORANDUM FINDINGS OF FACT AND OPINION ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1989, 1990, and 1991 in the amounts of $ 2,576, $ 2,456, and $ 1,045, respectively. The issue for decision is whether petitioners are entitled to a deduction for alimony paid in the amount of $ 9,000 for each of the years in issue. The resolution of this issue turns on the application of Commissioner v. Lester, 366 U.S. 299 (1961), to certain divorce-related documents. Adjustments made by respondent *399 in the notice of deficiency to (1) Schedule A miscellaneous deductions for 1989 and 1990, and (2) the child care credit for 1991 represent purely mechanical matters, the resolution of which will be controlled by our disposition of the disputed issue. Some of the facts have been stipulated, and they are so found. Petitioners resided in Decorah, Iowa, at the time their petition was filed with the Court. FINDINGS OF FACT In December 1971 petitioner John B. Bay (petitioner) married Marcia Lynne Bay (petitioner's former wife or Mrs. Bay). During their marriage the couple had two children, a son, Christopher, born in 1973 and a daughter, Mindy, born in 1978. In November 1982 petitioner and his former wife separated. Subsequently, on July 2, 1984, they entered into a written Separation Agreement (the Separation Agreement). Three days later, on July 5, 1984, they were divorced. The divorce court's Decree of Dissolution of Marriage specifically incorporated the Separation Agreement. Paragraph 6 of the Separation Agreement provides, in relevant part, as follows: 6.00 FAMILY SUPPORT AND SPOUSAL MAINTENANCE 6.01 Petitioner shall pay to [Mrs. Bay], as and for her support and *400 the support of Christopher and Mindy (the minor children of the parties), the sum of $ 900.00 per month, payable in two monthly installments of $ 450.00 * * *. Such payments shall be made directly to [Mrs. Bay]. * * * The obligation for support under this paragraph shall terminate in the event of the death of either party or the wife's remarriage or 48 months, whichever event first occurs. * * * 6.05 Petitioner shall be entitled to claim the children as an exemption and a deduction for income tax purposes during the period he is paying family support under the terms of 6.10 herein. * * * 6.08 The parties have structured family support on a non-allocated basis with the intent that monies paid as support be taxable to [Mrs. Bay] and deductible by petitioner. This intent is based on the ruling in Commissioner v. Lester, 366 U.S. 299. In the event this intent cannot be fulfilled, then said support shall be subject to renegotiation and if necessary, court review based on standards applicable to permanent orders hearings. If said support is not deductible by petitioner, support payment shall be reduced to $ 300.00 per month per child, until further *401 court review. * * * 6.10 In the event petitioner's obligation to pay family support terminates upon the happening of the wife's remarriage or the expiration of 48 months, petitioner shall pay, as and for child support, the sum of $ 375 per month per child in two equal monthly installments on the 14th and 28th of the month immediately following the month wherein family support terminates.
Petitioner's former wife remarried in October 1986. Some time thereafter petitioner filed a petition with the divorce court to reduce his semi-monthly support payment from $ 450 to $ 375. The divorce court granted the petition, and thereafter, and throughout the years in issue, petitioner paid $ 375 twice a month ($ 750 per month or $ 9,000 per year) pursuant to paragraph 6.10 of the Separation Agreement. On each of his income tax returns for 1989, 1990, and 1991, petitioner claimed a deduction in the amount of $ 9,000 for "alimony paid". In the notice of deficiency respondent disallowed each such deduction in its entirety on the ground that the amount paid did not qualify as alimony. OPINION The divorce court's Decree of Dissolution of Marriage, which specifically incorporated petitioner's *402 Separation Agreement, was entered by that court before January 1, 1985. Accordingly, we apply the law governing the deductibility of alimony payments as it existed before amendment by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422, 98 Stat. 795. Sec. 1.71-1T (e), Temporary Income Tax Regs., 49 Fed. Reg. 34458 (Aug. 31, 1984). Individuals may deduct alimony paid during the taxable year. Sec. 215(a). However, to be deductible as alimony, the payment must be includable in the income of the recipient under section 71. Generally, section 71(a) provides that alimony payments are taxable income to the recipient. However, section 71(b) provides that section 71(a) -- shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * [Emphasis added.]
In Commissioner v. Lester, 366 U.S. 299 (1961), the U.S. Supreme Court held that the mandate of section 71(b), i.e., that child support payments be "fixed", should be taken literally *403 and that child support may not, therefore, be inferred from intent, surrounding circumstances, or other subjective criteria. Accordingly, no part of a payment may be excluded from a recipient spouse's income unless the operative divorce-related document expressly specifies, or "fixes", a sum certain or percentage of the payment for child support. Consequently, in the case of unallocated or undifferentiated support for a wife and children, all of the support is taxable to the wife and deductible by the husband. E.g., Mass v. Commissioner, 81 T.C. 112 (1983); Blakey v. Commissioner, 78 T.C. 963 (1982); Giordano v. Commissioner, 63 T.C. 462 (1975); Grummer v. Commissioner, 46 T.C. 674 (1966). Relying on Commissioner v. Lester, supra, petitioner contends that since paragraph 6.01 of the Separation Agreement provides for unallocated family support, he is entitled to deduct the payments in question, notwithstanding the fact that his former wife was not entitled to any part thereof because of her remarriage. In contrast, respondent *404 contends that the payments in question were "fixed" as child support payments and are therefore not deductible to petitioner. We agree with respondent. Admittedly, section 6.01 of the Separation Agreement provides for unallocated family support. Accordingly, during the period that petitioner was making payments under that section, such payments were undoubtedly deductible by him. Commissioner v. Lester, supra. However, section 6.01 expressly provides that "The obligation for support under this paragraph shall terminate in the event of the death of either party or the wife's remarriage or 48 months, whichever event first occurs." The first of the three enumerated contingencies to occur was the remarriage of petitioner's former spouse in October 1986.[2]
The occurrence of the 48-month contingency terminated petitioner's *405 obligation to pay family support under paragraph 6.01 of the Separation Agreement. However, the provisions of paragraph 6.10 then became operative. Because of the importance of the latter paragraph to the disposition of this case, we quote it again: 6.10 In the event petitioner's obligation to pay family support terminates upon the happening of the wife's remarriage or the expiration of 48 months, petitioner shall pay, as and for child support, the sum of $ 375 per month per child in two equal monthly installments on the 14th and 28th of the month immediately following the month wherein family support terminates. [Emphasis added.]
Under paragraph 6.10, and because petitioner's obligation to pay family support had terminated, petitioner became obligated to pay child support. The amount of child support expressly specified, or "fixed", by paragraph 6.10 was $ 375 twice a month ($ 750 per month or $ 9,000 per year). [3] This clearly satisfies the mandate of section 71(b), as interpreted by Commissioner v. Lester, supra.
*406 Notwithstanding the foregoing, petitioner points to paragraph 6.08 of the Separation Agreement, which states that The parties have structured family support on a non-allocated basis with the intent that monies paid as support be * * * deductible by petitioner. This intent is based on the ruling in Commissioner v. Lester, 366 U.S. 299.
However, a careful reading of this paragraph indicates that it applies only to "family support"; i.e., the unallocated support to be paid to Mrs. Bay and the children under paragraph 6.01 of the Separation Agreement. Under the express terms of paragraph 6.01, petitioner's obligation to pay family support terminated upon the remarriage of his former wife. At that point paragraph 6.10 became operative by virtue of its introductory clause: "In the event petitioner's obligation to pay family support terminates upon the happening of the wife's remarriage". Thereafter, petitioner's only obligation was the obligation to pay child support. In this regard, paragraph 6.10 leaves absolutely no room for doubt: "petitioner shall pay, as and for child support, the sum of $ 375.00 per month per child in *407 two equal monthly installments on the 14th and 28th of the month immediately following the month wherein family support terminates." (Emphasis added.) It is crystal clear from the foregoing that, after the remarriage of petitioner's former wife in October 1986 and throughout the 3 taxable years in issue, petitioner paid child support and did not pay unallocated family support. In our view, there is nothing in petitioner's Separation Agreement to suggest that the parties intended petitioner's payment of child support to be deductible. However, even if that intent had been clearly expressed, it would not have served to convert nondeductible child support into deductible alimony. Sec. 71(b); Commissioner v. Lester, supra; Grummer v. Commissioner, supra (if the payment is specifically earmarked as child support, the payment does not constitute deductible alimony); Weber v. Commissioner, T.C. Memo. 1981-323 (Lester applicable only where there is an undifferentiated payment of both alimony and child support lumped together). Since petitioner paid child support *408 and only child support, and since the payment of child support is not deductible, we hold for respondent. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We also note that a second contingency, the passage of 48 months, had also occurred well before the beginning of the first of the 3 taxable years in issue herein.↩
3. The significance of paragraph 6.10 of the Separation Agreement was not lost on petitioner. Sometime after his former wife's remarriage in October 1986, petitioner filed a petition with the divorce court to reduce his semi-monthly support payment from $ 450 to $ 375 and the divorce court granted the petition. Thereafter, and throughout the years in issue, petitioner paid $ 375 twice a month ($ 750 per month or $ 9,000 per year) pursuant to paragraph 6.10.↩