## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of ) | |
| ) | No. 67825-6-I |
| TAMI REMICK, ) | (consolidated with No. 67921-0-I) |
| ) | |
|     Appellant, ) | ORDER DENYING MOTION |
|   and ) | FOR RECONSIDERATION AND |
| ) | AMENDING OPINION |
| ENOCH THIJS REMICK, ) | |
| ) | |
|     Respondent. ) | |

The respondent, Enoch Thijs Remick, has filed a motion for reconsideration herein. The court has taken the matter under consideration and has determined that the motion for reconsideration should be denied, and that the opinion of the court should be amended.

Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and, it is further

ORDERED that the opinion of the court in the above-entitled cause filed April 22, 2013, be amended to read as follows:

DELETE footnote 20 on page 14, which reads:

[20] Enoch's response is not in the record.

Done this 11th day of June, 2013.

FOR THE COURT:

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
)
TAMI REMICK, )
)
          Appellant, )
)
       and )
)
ENOCH THIJS REMICK, )
)
        Respondent. )

No. 67825-6-I
(consolidated with No. 67921-0-I)

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 22, 2013

GROSSE, J. — For purposes of calculating child support, bonuses and contract-related benefits must be included in a parent's income unless such sources of income are nonrecurring. The trial court must make a finding that a particular source of income is nonrecurring. Here, the trial court did not make a finding as to whether the father's commitment-based incentive bonus and his stock income were nonrecurring income. The amount of the bonus and stock income is not insubstantial. The trial court must make a determination of whether the income is nonrecurring and whether it should have been included in the father's income. For this reason and for other reasons discussed below, we remand this matter for further proceedings consistent with this opinion.

## FACTS

Enoch Remick (Enoch) and Tami Remick (Tami) were married in August 2001 and separated in July 2010. They have two children—one born in May 2005 and another born in January 2007.

A decree of dissolution was entered in September 2011. A final parenting plan was also entered under which Tami is the primary residential parent. The trial court awarded Tami child support.

Most of the issues presented on appeal pertain to the award of child support for the first year. The dissolution decree provides in this regard:

> [X] The husband shall pay undifferentiated support for the wife and children to the wife in the amount of one-half of his gross salary and RBI bonus immediately when received for one (1) year beginning September 1, 2011 through August 31, 2012, but not less than $6000 per month. Support shall not include Father's CBI bonus or stock awards. During this one-year period, the entire amount shall be considered child support for tax planning purposes.

> [X] For the 24 months commencing the 1st of the month after final undifferentiated family support payment has been made, the husband shall pay the wife $4,000 per month in maintenance.

> [X] For the 6 months commencing the 1st of the month after the 24 months of maintenance in the preceding paragraph have been made, the husband shall pay the wife $2,000 per month in maintenance, ending on March 1, 2015.

The child support order provides the following with regard to the transfer payment:

> The husband shall pay undifferentiated family support for the children and wife as set forth in the Dissolution Decree, Paragraph 3.7. Because the undifferentiated family support is for the wife and the children, the wife will not receive a separate maintenance transfer payment during the first 12 months. The support is made up of 50% of husband's net income, but not less than $6000/mo, including his regular quarterly bonus (RBI).

> After the undifferentiated family support ends in September 2012, the obligor shall pay obligee $2,000 per month in child support for 30 months after which child support shall be reviewed, i.e., in March 2015.

2

The two provisions conflict in that one refers to Enoch's gross income and the other refers to his net income. On Enoch's motion to clarify, the trial court clarified that the correct reference is to Enoch's net income.

## ANALYSIS

### Standard of Review

We review a trial court's dissolution orders, including orders awarding child support and maintenance, for abuse of discretion.[1]

### Child Support Order

1.  CBI Bonus and Stock Income

Enoch is eligible to receive two types of bonuses as a Microsoft employee—a revenue-based incentive (RBI) bonus and a commitment-based incentive (CBI) bonus. Enoch earned a CBI bonus for the three years prior to the dissolution trial. In 2010, his CBI bonus was $62,000; in 2009, his CBI bonus was between $58,000 and $60,000; in 2008, he received a CBI bonus, but could not recall the amount. Enoch also purchased Microsoft stock pursuant to an Employee Stock Purchase Plan (ESPP) and placed the stock, along with any proceeds from its sale, in a Fidelity account. At the time of the entry of the dissolution decree, the court valued Enoch's stock award at $11,100. The trial court included Enoch's RBI bonus in its calculation of his income, but did not include his CBI bonus or stock income.

Tami argues that the trial court erred by failing to include Enoch's CBI bonus and stock income in his income for purposes of calculating his child

---

[1] In re Marriage of MacDonald, 104 Wn.2d 745, 751, 709 P.2d 1196 (1985). We reject Enoch's argument that review of the issue regarding modifiability of the maintenance award should be de novo.

support obligation. RCW 26.19.071(3) lists bonuses and contract-related benefits as items that must be included in income.[2] A source of income may, however, be excluded from the calculation of the basic support obligation if it is not a recurring source of income.[3] "Deviations for nonrecurring income [must] be based on a review of the nonrecurring income received in the previous two calendar years."[4] And, under the statute, the trial court must make a finding that the source of income is not a recurring source of income. Here, the trial court did not make a finding that Enoch's CBI bonus and stock income were nonrecurring income. It appears from the record that the CBI bonus is recurring and accordingly should have been included in the calculation of Enoch's income. We cannot ascertain from the record whether Enoch's stock income is recurring income or nonrecurring income.

Enoch does not argue that the CBI bonus and stock income should not have been included in his income pursuant to RCW 26.19.071. Rather, he argues that even if the trial court erred in not including all of Enoch's income, remand for recalculation of his income is not necessary because the trial court would have reached the same result even if it included Enoch's CBI bonus and

---

[2] RCW 26.19.071(3)(f), (r).
[3] RCW 26.19.075(1)(b). This section provides in full:
   The court may deviate from the standard calculation based on a finding that a particular source of income included in the calculation of the basic support obligation is not a recurring source of income. Depending on the circumstances, nonrecurring income may include overtime, contract-related benefits, bonuses, or income from second jobs. Deviations for nonrecurring income shall be based on a review of the nonrecurring income received in the previous two calendar years.
[4] RCW 26.19.075(1)(b).

4

stock income in the calculation of his income. In support, Enoch cites In re Marriage of Ayyad.[5] But in that case, the court determined that remand was not necessary to remedy the trial court's failure to include stock options exercised by the father because the trial court correctly determined, given the particular facts of the case, that the child support transfer payment would remain the same even if the father's monthly net income were properly calculated.[6] Here, contrary to Enoch's counsel's assertion at oral argument, the trial court made no such determination. Because we are unable to determine whether the income at issue was nonrecurring or recurring and, accordingly, whether the income should have been included, and because the trial court did not state that it would have arrived at the same transfer payment had the CBI bonus and stock income been included in Enoch's income, we remand for further proceedings on this issue.

2.    Adjustment of Child Support

The order of child support (entered September 2011) provides:

**3.16  PERIODIC ADJUSTMENT.**

[X]    Child support shall be adjusted periodically as follows:

[X]    Beginning March, 2015 the child support shall be reviewed.

Tami argues that the trial court cannot prohibit child support adjustments for more than 24 months. Her argument is based on two statutes. One statute, RCW 26.09.100(2), provides that provisions for periodic adjustment or modification of child support may not conflict with RCW 26.09.170, except that

---

[5] 110 Wn. App. 462, 38 P.3d 1033 (2002).
[6] Ayyad, 110 Wn. App. at 470-71.

5

the decree may require periodic adjustments or modifications more frequently than the time periods established pursuant to RCW 26.09.170. The time period established in RCW 26.09.170 on which Tami relies is RCW 26.09.170(7)(a), which provides that if 24 months have passed from the date of entry of the child support order, the order may be adjusted without a showing of substantially changed circumstances based upon changes in the income of the parties or changes in the economic table or standards in chapter 26.19 RCW.

The child support order was entered in September 2011. Tami argues that because the provision says "Beginning March, 2015" no modifications or adjustments are permitted prior to that date (three and a half years after entry of the order) and, for that reason, the provision runs contrary to RCW 26.09.170(7)(a), which allows a parent to move for adjustment or modification 24 months after entry of the order and RCW 26.09.100(2), which provides that provisions for adjustment or modification cannot conflict with RCW 26.09.170. We disagree. Neither this nor any other language in the child support order purports to limit either party's ability to pursue adjustment or modification of child support if circumstances warrant it under RCW 26.09.170.

3. Extraordinary Expenses

With regard to daycare expenses, educational expenses, and expenses for agreed extracurricular activities, the child support order provides that Tami and Enoch will each pay 50 percent of those expenses from September 1, 2011 through August 31, 2012. The order provides further:

> Beginning September 1, 2012 through August 31, 2015 this shall
> be 36.5% by the petitioner [Tami] and 63.5% by respondent

6

[Enoch]. Starting September 1, 2014 through March 1, 2015 this
shall be 19.8% by the petitioner and 80.2% by the respondent[.]

Tami argues that the 50/50 apportionment of these expenses during the

first year is erroneous under RCW 26.19.080(3). That statute provides in

relevant part:

Day care and special child rearing expenses . . . are not included in
the economic table. These expenses shall be shared by the
parents in the same proportion as the basic child support obligation.

Despite the mandatory nature of the statutory language, case law has

created an exception to the rule in cases where the trial court deviated from the

basic support obligation.[7] Here, the trial court deviated from the basic support

obligation for the first year and, accordingly, was not required to apportion day

care and special child rearing expenses in proportion to the basic support

obligation. Because we remand this matter with regard to Enoch's CBI bonus

and stock income, the trial court on remand is directed to reexamine the

apportionment of these extraordinary expenses and revise the apportionment if

warranted. Also, as it is currently written, the provision regarding extraordinary

expenses contains an error because the two time periods identified in the order

overlap. The latter period falls within the former period, so it is impossible to

state what the parties' obligations are during this latter period. This error must be

corrected on remand.

---

[7] In re Marriage of Casey, 88 Wn. App. 662, 666-67, 967 P.2d 982 (1997); In re
Paternity of Hewitt, 98 Wn. App. 85, 89-90, 988 P.2d 496 (1999); In re Yeamans,
117 Wn. App. 593, 600-01, 72 P.3d 775 (2003).

4. Child Support Worksheets

RCW 26.19.035(4) requires that child support worksheets "shall be attached to the decree or order or if filed separately shall be initialed or signed by the judge and filed with the order." This language is mandatory; there are no exceptions to the requirement that worksheets be filed in every proceeding in which child support is determined.[8] Even where the record and the trial court's findings support the child support award, remand is nonetheless required for the preparation and entry of child support worksheets.[9]

Here, the trial court did not attach a child support worksheet for the first year of support to the dissolution decree or child support order, nor did it file a worksheet with the order. It did, however, attach worksheets for the September 2012 to August 2014 period and the September 2014 to March 2015 period. For purposes of any further review, on remand, the trial court is directed to attach a child support worksheet for the first year to the order of child support.

5. Inclusion of Child Support as Income to Tami

Child support should not have been included as income to Tami.[10] Because there are no child support worksheets for the first year in the record, we are unable to ascertain whether child support was or was not included in her

---

[8] In re Marriage of Sievers, 78 Wn. App. 287, 305-06, 897 P.2d 388 (1995).

[9] Sievers, 78 Wn. App. at 305-06 (noting, however, that because the award was supported by the record and the court's findings, the court of appeals did not have to vacate the award).

[10] Fuqua v. Fuqua, 88 Wn.2d 100, 105, 558 P.2d 801 (1977) ("A child's custodian receives support money as a trustee and not in his or her own right.").

income. On remand, the trial court is directed to reexamine this issue and correct any error.

### 6. Inclusion of Maintenance Ordered But Not Received

Tami argues that the trial court improperly included in her income maintenance the court ordered but which she had not received and deducting the support ordered but not paid from Enoch's income. The child support orders and worksheets which Tami proposed included maintenance in Tami's income. Having invited the error, Tami cannot complain about it on appeal.[11]

### 7. Taxability of Undifferentiated Support Payment

Tami argues that the trial court erred by characterizing the first year of support as "undifferentiated support" because, by so doing, the court rendered the award taxable to Tami. In support, she cites Bay v. C.I.R.,[12] in which the court stated that "in the case of unallocated or undifferentiated support for a wife and children, all of the support is taxable to the wife and deductible by the husband."[13] But, that opinion also states that where the payment is specifically earmarked as child support, the payment is not taxable to the recipient.[14]

Here, the decree of dissolution specifically provides that the entire amount of the $6,000 monthly payment to Tami during the first year "shall be considered child support for tax planning purposes." Enoch agrees that the entire amount

---

[11] See Horne v. Aune, 130 Wn. App. 183, 191 n.2, 121 P.3d 1227 (2005).

[12] 68 T.C.M. (CCH) 396, 1994 WL 442107 (U.S. Tax Ct. 1994).

[13] Bay, 1994 WL.442107 *2.

[14] Bay, 1994 WL 442107 *4; see also C.I.R. v. Lester, 366 U.S. 299, 306, 81 S. Ct. 1343, 6 L.Ed.2d 306 (1961)

paid during the first year is not taxable. Tami's argument that there is error with regard to the taxability of the first year's payments is without merit.

Order on Motion to Clarify

    1.    Modification or Clarification

After the decree of dissolution was entered, Enoch filed a motion to clarify. One item in the motion concerned the family's residence. The trial court awarded it to Tami. After trial, Tami decided she did not want the house. The dissolution orders were entered September 16, 2011, but Tami claimed to need until October 16, 2011 to move out. In his motion to clarify, Enoch asked for an offset for the amounts he paid for child support, maintenance, mortgage payments, etc., while Tami remained in the family home and paid nothing. The trial court awarded Enoch an offset of $3,750, representing a month and a half of reasonable rent.

Tami claims that this offset amounted to a modification of the decree, rather than a clarification because it altered the property distribution from the distribution originally ordered by the trial court. We disagree. A trial court has discretion to charge rent for one party's occupation of the home as an offset for that party's use of the home.[15] The trial court acted within its discretion in ordering rent and did not, in so doing, improperly modify the decree.

Tami also claims that the court's order on Enoch's motion for clarification erroneously changed the first year of undifferentiated support from nontaxable to Tami to taxable to Tami. The clarification did nothing more than clarify that

---

[15] Lindemann v. Lindemann, 92 Wn. App. 64, 78, 960 P.2d 966 (1998).

Enoch was required to pay half of his net pay, rather than his gross pay, for the first year. The award did not change the taxable nature of the funds. Per the original order, the entire $6,000 monthly payment was to be deemed child support and was therefore not taxable to Tami.

### 2. Trial Court's Jurisdiction

When the trial court entered its order on Enoch's motion to clarify, it directed the parties to "jointly move the court of appeals for jurisdiction to enter this order." Tami filed a motion in this court asking it to relinquish jurisdiction to the trial court pursuant to RAP 7.2(e).[16] Enoch replied that he had no objection to this court relinquishing jurisdiction. A commissioner of this court granted the motion.

Despite having been the movant on the RAP 7.2(e) motion, Tami now argues that the trial court was without jurisdiction to enter the order on Enoch's motion for clarification. She argues that she asked this court to relinquish jurisdiction only to the extent needed to allow the trial court to distribute personal property and award an equalizing payment. Distributing personal property and awarding an equalizing payment were two matters addressed in the order on

---

[16] RAP 7.2(e) provides in part:
> The trial court has authority to hear and determine (1) postjudgment motions authorized by the civil rules, the criminal rules, or statutes, and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. The postjudgment motion or action shall first be heard by the trial court, which shall decide the matter. If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision. A party should seek the required permission by motion. The decision granting or denying a postjudgment motion may be subject to review.

Enoch's motion to clarify. The other matters addressed were (1) clarification of the fact that the $6,000 per month award was based on Enoch's net pay, rather than his gross pay, and (2) the requirement that Tami pay rent as an offset for the period she remained in the family home.

Once this court relinquished jurisdiction, the trial court had jurisdiction to – and did – enter the order in its entirety. We find no merit to Tami's argument that despite the fact that the entire order on motion to clarify was entered, the trial court had jurisdiction to act on only part of that order. The trial court acted within its jurisdiction in this regard.

<u>Other Issues</u>

1.    Modifiability of Maintenance

The dissolution decree provides that the maintenance awarded to Tami "shall be non-modifiable in amount or duration." Tami argues that the trial court lacked the authority to make such provision absent the parties' consent.

Except as otherwise allowed by RCW 26.09.070(7), a maintenance award is modifiable, but only as to installments accruing subsequent to the petition for modification and only upon a showing of a substantial change of circumstances.[17] RCW 26.09.070(7) provides in pertinent part: "When the separation contract so provides, the decree may expressly preclude or limit modification of any provision for maintenance set forth in the decree." "Under

---

[17] RCW 26.09.170(1).

this provision, a nonmodifiable maintenance award is permissible if such a provision was included in a separation contract the parties entered."[18]

Enoch does not argue that a separation contract exists that includes a provision in which the parties agreed that maintenance can be nonmodifiable. Rather, he argues that Tami invited any error by including the nonmodifiable provision in the decree of dissolution she proposed.

The trial court's oral opinion contains no reference to the issue of whether maintenance was modifiable or nonmodifiable. At oral argument, Tami's counsel conceded that it was Tami who originally proposed that maintenance be nonmodifiable. Under the invited error doctrine, a party may not set up an error at trial and then complain of it on appeal.[19] Tami argues that she attempted to cure the error by bringing it to the trial court's attention and that therefore the doctrine of invited error does not preclude review of the issue. The record, however, does not provide support for Tami's argument.

After receiving Tami's proposed orders, Enoch made some modifications, but did not alter the provision making maintenance nonmodifiable. Tami filed a notice of presentation of final orders, noting that Enoch's proposed modifications raised issues that needed to be addressed by the court. In her notice, she states that her proposed orders accompanied the motion, but these documents are not in the record. Accordingly, it is not possible to ascertain whether her proposed orders that accompanied her notice of presentation eliminated the provision

---

[18] In re Marriage of Hulscher, 143 Wn. App. 708, 715, 180 P.3d 199 (2008) (citing In re Marriage of Short, 125 Wn.2d 865, 876, 890 P.2d 12 (1995)).

[19] Angelo Prop. Co., LP v. Hafiz, 167 Wn. App. 789, 823, 274 P.3d 1075 (2012).

making maintenance nonmodifiable. The only document in the record that shows that Tami raised this issue is her reply to Enoch's response to her notice of presentation of final orders.[20] In this document, Tami claims that Enoch's proposed order – not hers – contained the nonmodifiable provision. While Enoch's proposed order did contain the provision, it contained it because Enoch incorporated it from Tami's proposed order.

From the record, all that can be ascertained is that Tami proposed the provision she now claims is error. And, she did not bring the error to the trial court's attention until her reply on her notice of presentation of final orders. She did not seek reconsideration of the maintenance award. We agree with Enoch that Tami is not permitted to raise this issue as error on appeal.

2.    Order of Sanctions

In her statement of arrangements, Tami stated that she did not intend to file a verbatim report of proceedings (VRP). Enoch filed an objection, arguing that a transcript of the entire trial was necessary for review of the issues on appeal. Enoch also filed a motion in the trial court for an order requiring Tami to submit a full VRP. A commissioner of this court ordered Tami to inform this court whether she intended to file a VRP. Tami responded with an amended statement in lieu of a statement of arrangements pursuant to RAP 9.2(c). In it, she identified the issues she intended to raise on review and argued that the issues could be adequately reviewed with only the designated clerk's papers.

---

[20] Enoch's response is not in the record.

14

The trial court ordered Tami to file an amended statement of arrangements and to arrange for the transcription of the entire four-day trial at her own expense. The trial court also ordered Tami to pay Enoch $500 in attorney fees for having to bring the motion.

Enoch then moved in this court to dismiss Tami's appeal because she failed to file an amended statement of arrangements, make arrangements to have the four-day trial transcribed, and pay the $500 in attorney fees. Enoch sought another award of $500 in attorney fees. Tami responded by arguing once again that a VRP was not necessary to review the issues on appeal and that dismissal of her appeal was not warranted. Tami also filed a notice of appeal of the trial court's order requiring her to provide a VRP.

A commissioner of this court denied Enoch's motion to dismiss the appeal. The commissioner denied Tami's motion to overturn the trial court's order requiring her to provide a VRP, reasoning that the trial court is in the best position to determine what record is necessary for review. Tami complied with the order and had the entire proceeding transcribed.

Tami challenges the award to Enoch of $500 as sanctions, arguing that the award was improper because a transcript of the entire trial was not necessary for review of the issues on appeal. We agree with Tami. The transcript of the entire trial is nearly 900 pages long. But, only a few of those pages were needed to review the issues presented in this appeal. The imposition of $500 in sanctions was excessive. We vacate the award in its entirety.

15

3. Attorney Fees on Appeal

Both parties ask for an award of attorney fees on appeal. Tami bases her request on her need and Enoch's ability to pay. Enoch claims entitlement to fees on the ground that Tami's appeal is frivolous. We deny both parties' requests for fees.[21]

## CONCLUSION

We remand this matter for proceedings consistent with this opinion. We are aware that the judge who presided at the trial of this matter is now retired, but urge the trial court remand to attempt to secure the services of that judge as judge pro tem for the rehearing of this matter. We vacate the award of $500 in sanctions and deny both parties' requests for attorney fees on appeal.

WE CONCUR:

---

[21] Both parties bear some responsibility for the deficiencies in the record. Moreover, Tami's appeal is not frivolous. See Ensley v. Mollmann, 155 Wn. App. 744, 760, 230 P.3d 599 (2010).