[No. 21036-3-II.    Division Two.    November 7, 1997.]

*In the Matter of the Marriage of* BEVIE CASEY, *Respondent*, and H. MATTHEW CASEY, *Appellant*.

*Robert B. Taub* of *Robert Taub & Associates*, for appellant.

*Thomas M. Baker, Jr.*, for respondent.

HOUGHTON, C.J. — H. Matthew Casey appeals those portions of a decree of dissolution ordering him to pay (a) child support; (b) all of the children's transportation costs and extraordinary health care expenses; and (c) attorney's fees to his former wife, Bevie Casey. We affirm.

The Caseys were married in 1983 and separated in September, 1992. They have four children: twin boys 12 years old at the time of dissolution, and a younger girl and boy. After the separation, Matthew and the children moved to Texas while Bevie remained in Washington.

Matthew is the children's primary residential caregiver. The decree incorporates by reference the parties' parenting plan, which provides that the children will live with their father except during visitation with their mother for six weeks each summer and Christmas vacation every other year. Matthew is to pay all costs of transporting the children when they travel "between parents."

As for child support, the decree requires Matthew to pay $1,500 to Bevie "at the time that she receives the children for her 6 week summer visitation to assist with the

expenses during that time." No other support is owed by either parent. The trial court found that the father's gross income is approximately $5,848/month and the mother's is approximately $500.[1] The court relieved the mother of her support obligation because a learning disability restricts her earning capacity, and such an obligation would reduce her income below poverty level, causing substantial hardship.

Finally, with regard to the issues on appeal, the trial court ordered Matthew to pay $6,000 towards Bevie's attorney's fees and costs. And the court adopted a parenting plan provision that excuses the mother from paying any extraordinary health care expenses.

The father moved for reconsideration of the trial court's oral decision, raising all but one of the issues (health care expenses) he now argues on appeal. Matthew complained that he could not afford to pay for transportation, summer child support, and Bevie's attorney's fees. The trial court denied the motion and entered the decree. The father appeals.

Matthew first argues that the trial court erred in not setting at least a minimal child support obligation for Bevie, the noncustodial parent, and in requiring him to pay $1,500 each summer to coincide with visitation. RCW 26.09.100(1) requires the trial court, after considering "all relevant factors," to order either or both parents to pay child support in an amount determined under RCW 26.19. The trial court calculates the total amount of child support, allocates the basic support obligation between the parents "based on each parent's share of the combined monthly net income," RCW 26.19.080(1), then orders the parent with the greater obligation to pay the other a "support transfer payment." RCW 26.19.011(9).

RCW 26.19.020, which contains the child support economic table, provides that even when combined parental

---

[1]The mother also receives $400/month in support for a child fathered by another man.

income is less than $600, minimum support "shall not be less than $25 per child per month." RCW 26.19.065(2) echoes that requirement, and goes on to say:

> A parent's support obligation shall not reduce his or her net income below the need standard for one person established pursuant to RCW 74.04.770 [authorizing need standards for public assistance], except for the mandatory minimum payment of twenty-five dollars per child per month as required in this section *or in cases where the court finds reasons for deviation* . . . .

(Emphasis added.)

We construe this subsection to mean that a child support obligation ordinarily cannot take a parent's net income below the poverty line, except for a "mandatory" $25/month per child. The exception to this policy, which the Legislature phrased in the disjunctive, permits the superior court, by finding "reasons for deviation," either to reduce net income below the poverty line *or* to waive the otherwise mandatory $25 minimum.

RCW 26.19.075 sets forth reasons for deviating from the standard calculation of child support. One such reason is "[a] significant disparity in the living costs of the parents due to conditions beyond their control." RCW 26.19.075(1)(c)(ii). Another such reason is "if the child spends a significant amount of time with the parent who is obligated to make a support transfer payment." RCW 26.19.075(1)(d). These reasons are not exclusive. RCW 26.19.075(1). The standard of review for the trial court's deviation from the standard calculation is abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 791 P.2d 519 (1990); *In re Marriage of Glass*, 67 Wn. App. 378, 835 P.2d 1054 (1992).

The child support tables reflect that the comparative economic circumstances of the parents remains an essential factor in allocating the responsibility for child support. *See In re Marriage of Jonas*, 57 Wn. App. 339, 788 P.2d 12 (1990); *In re Marriage of Peters*, 33 Wn. App. 48,

651 P.2d 262 (1982). In light of the parties' disparate incomes and earning capacities, we find no abuse of discretion in the trial court's requiring Matthew to pay $1,500 for the children's visits with their mother each summer, or in deviating from Bevie's presumptive minimum support obligation of $25/month. Matthew has net income well in excess of $4,000/month. Bevie's monthly income is only $500. Substantial evidence supports the court's finding that assessing a support obligation against Bevie would cause her financial hardship. *See* RCW 26.19.035(2); *Griffin*, 114 Wn.2d at 777-79.

Matthew challenges the requirement that he pay the children's entire transportation costs when they travel back and forth to see Bevie. He points to RCW 26.19.080(3), which states that "special child rearing expenses, such as tuition and long-distance transportation costs to and from the parents for visitation purposes, are not included in the economic table. These expenses shall be shared in the same proportion as the basic child support obligation." Matthew says that since Bevie's income is approximately 10 percent of the parties' combined total income, she should bear the same proportion of the transportation costs, which although not a large amount, would give her incentive to cooperate in arranging visitation to take advantage of reduced air fares.

■■ Although Division One recently held that the requirement to allocate long-distance travel costs proportionately is mandatory, *Murphy v. Miller*, 85 Wn. App. 345, 932 P.2d 722 (1997), *Murphy* was not a case in which the trial court had grounds for deviating from the allocation of the basic support obligation. RCW 26.19.080(4) expressly gives the trial court "discretion to determine the necessity for and the reasonableness of all amounts ordered in excess of the basic child support obligation." We hold that in a proper case, this language permits the court to depart from the usual practice of allocating special child rearing expenses, such as long-distance transportation costs, in the same proportion as the puta-

tive basic support. Where, as here, the court finds grounds to deviate from the basic obligation, it follows that the court can also allocate transportation costs differently.[2] We find no abuse of discretion.[3]

■ Finally, Matthew challenges the award of attorney's fees and costs to Bevie in the amount of $6,000, again claiming that it works a hardship in light of his considerable debts, his own attorney's fees, and the expense of raising four children. He points out that in awarding fees under RCW 26.09.140, the trial court must consider not only one spouse's need, but the other's ability to pay. *In re Marriage of Steadman*, 63 Wn. App. 523, 529-30, 821 P.2d 59 (1991). We sympathize with Matthew. The dissolution left both parties in debt, albeit he more than she, and raising children is an expensive proposition. Nevertheless, the trial court found that Bevie has the need and he has the ability to pay her attorney's fees, and the record supports the court's discretionary determination. *See In re Marriage of Knight*, 75 Wn. App. 721, 729-30, 880 P.2d 71 (1994), *review denied*, 126 Wn.2d 1011 (1995).

■ Bevie requests attorney's fees on appeal. Exercising our discretion, we grant the request and award her reasonable attorney's fees on appeal, assuming compliance with RAP 18.1.

Affirmed.

---

[2]A hypothetical example will illustrate the need for flexibility as to this factor. Suppose H and W divorce. H, a physician, is posted overseas to Saudi Arabia and earns $200,000/year. W remains in Washington, earning $20,000 as a practical nurse. Four minor children of the marriage live with H, but they travel from Arabia to Washington twice a year to visit W. It costs $12,000 for the children to make both round trips. The trial court, finding grounds to deviate from the basic support schedule, does not require W to contribute any support. But under Matthew's reading of the statute, the court could not deviate from the proportionate travel cost requirement — meaning that in this example, W would have to pay $1,200 of the travel cost from her modest income, while H could well afford to pay the entire amount.

[3]The father raises essentially the same argument against the trial court's failure to require the mother to bear her proportionate share of extraordinary health care expenses. It does not appear that he argued this issue below, and therefore we need not consider it. RAP 2.5(a). In any event, our analysis would be the same as for the transportation cost issue.

Morgan and Armstrong, JJ., concur.

Reconsideration denied December 8, 1997.