FILED
COURT OF APPEALS
DIVISION II

2014 JUN 10 AM 8: 40

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEON ANDREW LADSON, | No. 43733-3-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| PRISCILLA ELNORA MAXEY, | |
| Respondent. | |

BJORGEN, J. – Deon Andrew Ladson appeals the trial court's denial of his motion for reconsideration of a final order of child support, which requires him to make payments to Priscilla Elnora Maxey on behalf of their child, ORM-L. Ladson argues that the trial court erred by (1) including certain payments Ladson receives from the federal government in his gross income for the purpose of calculating his child support obligation; (2) refusing to grant a deviation from the child support schedule due to Ladson's obligation to support children from other relationships; (3) misidentifying Ladson on the order as the respondent rather than the petitioner; (4) including day care fees and private school tuition in Ladson's transfer payment to Maxey rather than ordering the amounts paid directly to the providers; and (5) failing to properly apportion certain extraordinary expenses between Ladson and Maxey. We reverse the trial court's rulings on long distance transportation costs and on private school tuition and remand for further proceedings not inconsistent with this opinion on those subjects. We affirm on all other issues.

No. 43733-3-II

FACTS

Ladson petitioned the superior court for a residential schedule and parenting plan in August 2011 for ORM-L, a child he had fathered with Maxey. In her response, Maxey requested that the court also determine the parties' child support obligations.

Maxey and Ladson ultimately agreed to a final parenting plan. Because Ladson then resided in Georgia, the plan provided for very limited visitation with ORM-L, who continued to reside primarily with Maxey in Washington. The plan did not specify transportation arrangements, however, stating instead that "[t]ransportation costs are included in the Child Support Worksheets and/or the Order of Child Support and should not be included here." Clerk's Papers (CP) at 97. The plan provided that major decisions regarding ORM-L's health care and religious upbringing would be made jointly, but that Maxey had exclusive responsibility for major education decisions.

The court subsequently held a hearing on the child support issue. Ladson, then residing in South Carolina, appeared telephonically and argued that he should not have any additional support obligation because the Social Security Administration pays Maxey $234 per month for ORM-L's support on Ladson's behalf. Maxey testified that she had been paying for ORM-L to attend private school since 2009, and that "Ladson did verbally agree to send her there," but Ladson immediately denied that he had so agreed. Verbatim Report of Proceedings (VRP) (May 3, 2012) at 6.

After considering additional financial information submitted by Ladson, the court entered a final order of child support, directing Ladson to pay Maxey $1,000 per month based on the standard calculation. The order does not separately apportion responsibility for long distance

2

transportation expenses, stating that "all payments, except medical, are included in the transfer payment." CP at 114. The attached child support worksheet, however, shows that the court did not include long distance transportation expenses in the calculation. The worksheet shows that the court did include $200 per month for day care and $659 per month for "[e]ducation [e]xpenses," the amount of the private school tuition, in the transfer payment calculation. CP at 124.

Ladson subsequently moved the court to reconsider the decision and requested a deviation from the standard calculation due to his duty to support other children. In support of the motion, Ladson contended that the court should not have included his income from social security and veteran's affairs disability payments or the private school tuition in the calculation; that the court should have included uninsured medical and long distance transportation expenses in the calculation; and that the court should have ordered the day care expenses paid directly to the providers rather than including them in the transfer payment to Maxey. The court denied Ladson's motion for reconsideration, and Ladson appeals.

## ANALYSIS

Ladson bases certain parts of his claims on clear misunderstandings of the governing law and the actions taken by the trial court. He has failed to properly raise other claims by presenting neither argument nor authority in support of them and makes no showing that another claimed error amounts to an abuse of discretion. Two claims that Ladson has properly preserved and argued, however, have merit and require remand. We first address those claims that clearly fail, then discuss Ladson's meritorious claims.

## I. STANDARD OF REVIEW

We review a trial court's ruling on a motion for reconsideration for manifest abuse of discretion. *Coggle v. Snow*, 56 Wn. App. 499, 504, 784 P.2d 554 (1990). Appellate courts also review child support orders for manifest abuse of discretion, *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990), and will only reverse if the trial court's decision was manifestly unreasonable or was based on untenable grounds or untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*Littlefield*, 133 Wn.2d at 47. Evidence suffices to support a finding of fact if it is of "sufficient quantum to persuade a fair-minded, rational person of the truth of a declared premise." *Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 147, 381 P.2d 605 (1963).

## II. THE TRIAL COURT PROPERLY CALCULATED LADSON'S INCOME

Ladson contends that all of his income qualifies as aged and disabled assistance benefits under RCW 26.19.071(4)(e) and (f) and argues that the trial court should therefore not have included it when calculating his gross income for purposes of determining his child support obligation. As the trial court pointed out to Ladson, the income at issue plainly does not fall under those statutory provisions, and Ladson's claim fails.

The relevant statute provides that "[a]ll income and resources of each parent's household shall be disclosed and considered by the court when the court determines the child support obligation of each parent." RCW 26.19.071(1). The statute goes on to specify that "[e]xcept as

4

specifically excluded in subsection (4) of this section, monthly gross income shall include income from any source" and gives a nonexclusive list of included types of income. RCW 26.19.071(3). The examples include pension retirement benefits, workers' compensation, unemployment benefits, social security benefits, and disability insurance benefits. RCW 26.19.071(3)(n), (o), (p), (s), (t). Another provision specifically allows "[v]eterans' disability pensions or regular compensation for disability incurred in or aggravated by service in the United States armed forces," to be considered "as disposable income for purposes of calculating the child support obligation." RCW 26.19.045.

The provision Ladson relies on specifies types of "income and resources [that] shall be disclosed but shall not be included in gross income." RCW 26.19.071(4). The list includes "[s]upplemental security income" and "[a]ged, blind, or disabled assistance benefits." RCW 26.19.071(4)(e), (f).

Although the documents Ladson provided to the court concerning his financial situation are not in the record, it appears that his income of $6,316 per month derives from social security benefits, retirement benefits, and disability benefits from the Department of Veterans' Affairs. Disability payments from insurance plans or other contribution-based compensation programs qualify as gross income for purposes of calculating child support obligations. *See In re Marriage of Maples*, 78 Wn. App. 696, 701, 899 P.2d 1 (1995), *overruled in part on other grounds by In re Marriage of McCausland*, 159 Wn.2d 607, 152 P.3d 1013 (2007). Social security benefits for persons with disabilities who paid into the social security system during their working careers do not qualify as "'supplemental security income,'" a federally-funded, means-tested program equally available to all, regardless of whether they have worked or paid social security tax. *See*

No. 43733-3-II

*Hammond v. Hammond*, 26 Wn. App. 129, 131-33, 611 P.2d 1352 (1980) (discussing the distinction between the two programs) (quoting *Mathews v. De Castro*, 429 U.S. 181, 186 n.6, 97 S. Ct. 431, 50 L. Ed. 2d 389 (1976)). Thus, under RCW 26.19.045, .071(3)(n), (s) and (t), and .071(4), the trial court properly considered all of the disputed sources in calculating Ladson's gross income.

### III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REFUSING LADSON A DEVIATION

Ladson argues that the trial court abused its discretion in denying his request for a deviation from the standard child support calculation due to his duty to support two children from other relationships. We disagree.

When a parent owes a duty to support children from other relationships, the relevant statute grants trial courts discretion as to whether or not to deviate from the standard calculation. RCW 26.19.075(1)(e). A trial court, however, should deviate from the standard support amount only in exceptional circumstances "where it would be inequitable not to do so." *Goodell v. Goodell*, 130 Wn. App. 381, 391, 122 P.3d 929 (2005). A trial court may refuse to deviate from the standard calculation based on a lack of information about the financial circumstances of the children from other relationships. *Goodell*, 130 Wn. App. at 391-92.

Ladson presented no evidence that any court or government agency had ordered him to make support payments on behalf of other children or that he in fact makes such payments. Ladson merely asserts that "I actually send gifts when I can to all my children." Br. of Appellant at 16. The trial court considered Ladson's arguments on this issue, and the evidence submitted in support of those arguments.

6

Ladson essentially argued that the payments the Social Security Administration makes on his behalf to the custodial parents of his other children qualify as child support payments, and that this should reduce his obligation to support ORM-L. While such payments would properly be deducted from his obligation of support to those other children, the payments do not logically bear on the question of Ladson's duty to support ORM-L. *Maples*, 78 Wn. App. at 700-04. In fact, under *Maples*, the trial court could have considered those payments as income to Ladson, thus potentially *increasing* the amount of his support payments to Maxey. 78 Wn. App. at 700-04.

Under these circumstances, Ladson's claim that the court abused its discretion in refusing to deviate from the standard calculation has no merit.

IV. LADSON WAIVED HIS CLAIMS THAT THE COURT ERRED BY NOT ORDERING PAYMENT DIRECTLY TO PROVIDERS AND BY DESIGNATING MAXEY AS THE PETITIONER ON THE ORDER

Ladson assigns error to the trial court's decision to include day care fees and private school tuition in the transfer payment to Maxey, rather than order Ladson to pay the providers directly. Ladson presents no argument in support of this assignment of error, however, and directs our attention to no authority requiring trial courts to do so.

We generally consider an assignment of error waived if the party fails to present argument or authority on the issue in its brief. *State v. Harris*, 164 Wn. App. 377, 389 n.7, 263 P.3d 1276 (2011) (citing RAP 10.3(a)(6); *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986)). Seeing no reason to vary this rule, we decline to reach the issue.

Ladson also argues that the trial court erred by "misrepresenting the Petitioner by placing Ms[.] Maxey as such, when I am the Petitioner." Br. of Appellant at 1. Curiously, Ladson does

not assign error to the trial court's order on this ground. Neither does Ladson explain how this might prejudice him: indeed, Ladson presents no argument on this issue at all.

As an initial matter, the court's designation is arguably correct: Ladson did not request a determination of child support in his petition. Rather, Maxey asked the court to address child support in her response. Regardless, by failing to assign error to the caption and to present argument and authority in support of the claim, Ladson has waived the issue. We do not address it further.[1]

### V. The Trial Court Erred by Not Allocating Long Distance Transportation Costs

Ladson argues that the trial court abused its discretion by failing to allocate expenses for (1) day care, (2) extraordinary health care, and (3) long distance transportation in the order, as required by RCW 26.19.080. Ladson apparently bases his claim regarding the first two expenses on a misunderstanding of the worksheet attached to the order, which does in fact allocate those expenses. We agree, however, with Ladson's claim regarding long distance transportation costs.

The worksheet the trial court used to calculate the transfer payment amount shows that the court allocated both the education and day care expenses between Ladson and Maxey according to each one's proportional share of their combined net income. Ladson's brief does not make clear why he believes the court did not allocate these expenses.

Similarly, the child support order includes a section addressing uninsured health care expenses. Ladson points out that the court did not enter numbers in the blanks provided for the percentage of such expenses each parent would have to pay. However, the order clearly states

---

[1] We do note, however, that the court rules allow a litigant to move the trial court to correct clerical mistakes in an order at any time. CR 60. If Ladson thinks the caption erroneous, that procedure would seem a more appropriate avenue for relief.

that "unless stated otherwise" responsibility for those expenses is allocated according to "the petitioner's [and respondent's] proportional share of income from the Worksheet." CP at 119. As just discussed, the court completed the relevant portion of the worksheet and entered the proportional shares on the line referenced. Thus, we reject Ladson's claim that the court did not properly allocate the day care and uninsured health care expenses.

The portion of the order addressing long distance transportation expenses, on the other hand, merely states that "all payments . . . are included in the transfer payment." CP at 114. The parenting plan, which clearly contemplates that the residential schedule and visitation arrangements will require long distance transportation, states that such transportation costs "are included in the Child Support Worksheets and/or the Order of Child Support." CP at 97. On the worksheet used to calculate the transfer payment amount, however, the trial court left the space for long distance transportation costs blank.

The child support statute provides that

[d]ay care and special child rearing expenses, such as tuition and long-distance transportation costs to and from the parents for visitation purposes, are not included in the economic table. These expenses shall be shared by the parents in the same proportion as the basic child support obligation.

RCW 26.19.080(3). Thus, apportionment of these costs is mandatory.

Our decision in *In re Paternity of Hewitt*, 98 Wn. App. 85, 88-90, 988 P.2d 496 (1999), controls. The *Hewitt* court interpreted the statutory language to also require apportionment of the travel costs a parent incurred due to the fact that the child could not travel alone, regardless of any difference in the parents' financial circumstances, unless the court properly finds grounds for a deviation. 98 Wn. App. at 89-90 (holding that, because the court did not deviate from the

9

standard calculation, it "abused its discretion in requiring [the father] to pay more than his proportional share of the travel expenses").

As discussed, the trial court did not purport to deviate from the standard calculation, nor did it allocate the costs of long distance transportation in proportion to Ladson's and Maxey's respective shares of their combined income. This would leave Ladson responsible for all such costs. Under RCW 26.19.080(3), as interpreted in *Hewitt*, the trial court abused its discretion when it failed to allocate the long distance transportation costs in proportion to the basic child support obligations.

## VI. THE TRIAL COURT ERRED BY ORDERING LADSON TO PAY PRIVATE SCHOOL TUITION

Ladson argues that the trial court erred by ordering him to pay a share of ORM-L's private school tuition without entering any findings in support of such an obligation. Because needed findings were not entered and, if implied, were not supported by substantial evidence in the record, Ladson's argument has merit.

Although "[t]here is no per se prohibition against the award of private school tuition for a minor child," we have held that

> [w]here acceptable public schools are available, and there is no showing of special circumstances justifying the need for private school education, the noncustodial parent should not be obligated to pay for the private education of his or her minor children.

*In re Marriage of Stern*, 57 Wn. App. 707, 720, 789 P.2d 807 (1990). Special circumstances that could support imposing such an obligation include "family tradition, religion, and past attendance at a private school." *Stern*, 57 Wn. App. at 720. Furthermore, we have also held that, where a parent objects to paying private school tuition, the court must consider and make findings as to the objecting parent's ability to pay. *State ex rel. J.V.G. v. Van Guilder*, 137 Wn.

10

App. 417, 429-30, 154 P.3d 243 (2007) (holding that "part of determining which extraordinary expenses will be allowed must involve a determination of the objecting parent's ability to pay").

We generally construe the absence of a finding in a court order against the party having the burden of proof on the relevant factual issue, unless undisputed evidence in the record compels otherwise. *Mitchell v. Straith*, 40 Wn. App. 405, 412, 698 P.2d 609 (1985); *Lobdell v. Sugar 'N Spice, Inc.*, 33 Wn. App. 881, 887, 658 P.2d 1267 (1983). Where the trial court enters no findings on a particular matter, however, "an appellate court may look to the oral opinion to determine the basis for the trial court's resolution of the issue. *Griffin*, 114 Wn.2d at 777.

Although the trial court did grant Maxey sole authority to make major educational decisions concerning ORM-L, the court entered no findings on the need for private schooling or on Ladson's ability to pay. Even were we to imply such findings, substantial evidence does not appear in the record to support them. No evidence appears concerning the availability of acceptable public schools, other than the fact that Maxey and ORM-L reside in Tacoma. Maxey does not allege that ORM-L has unusual educational needs the public schools could not meet. Nor does the record contain any evidence on Ladson's ability to pay the tuition costs, other than the amount of his income itself and the fact that Ladson's new wife has a job.

The only evidence concerning the other factors consists of the following exchange between Maxey and Ladson at the child support hearing:

> Maxey:    I do pay for [ORM-L]'s Christian private school. She's been going there since 2009 which Mr. Ladson did agree to.

11

Ladson:     I did not. That was your decision.

VRP (May 3, 2012) at 6.

The trial court did not explain its decision orally and entered no findings on the matter. In a letter informing the parties of its decision, the trial court merely stated that the transfer payment amount "includes the day care and education cost." CP at 102. Thus, the evidence in the record is inadequate to persuade a rational, fair-minded person of the need for private schooling, and thus fails to provide an adequate basis for a finding of special circumstances justifying an obligation to pay such expenses. *See In re Marriage of Vander Veen*, 62 Wn. App. 861, 865-67, 815 P.2d 843 (1991) (finding substantial evidence supporting the trial court's award of private school tuition based on extensive testimony concerning several of the *Stern* factors).

As the parent requesting assistance with private tuition costs, the burden plainly lay on Maxey to make a showing justifying the imposition of such an obligation on Ladson. Under *Lobdell* and *Mitchell*, we must therefore construe the absence of findings against Maxey. Under *Stern* and *J.V.G.*, furthermore, a sufficient showing would include not only evidence of special circumstances, but also evidence of a lack of adequate public schools and evidence that Ladson has the ability to pay. Thus, even were we to consider the fact that ORM-L has apparently attended the school since 2009 as a special circumstance tending to justify an obligation to pay private school tuition, that circumstance would not by itself suffice because the record reveals nothing about the adequacy or availability of public schools or about Ladson's ability to pay.

The trial court erred in ordering Ladson to pay private school tuition without making appropriate findings based on evidence in the record. The remedy, however, presents an interesting question. The *Stern* court simply reversed the relevant portion of the order without

No. 43733-3-II

further instructions, apparently precluding further consideration of the matter by the trial court. 57 Wn. App. at 720. The *J.V.G.* court, however, ordered the trial court to reconsider the matter and enter appropriate findings on remand. 137 Wn. App. at 431. Given the sparseness of the record and the parties' obvious unfamiliarity with the law, we hold that remand for a hearing and entry of appropriate findings is the more appropriate remedy here.

CONCLUSION

We reverse the trial court's rulings on long distance transportation costs and on private school tuition and remand for further proceedings not inconsistent with this opinion on those subjects. We affirm on all other issues. On remand, the trial court must properly allocate the long distance transportation costs, hold a hearing on the issue of Ladson's obligation to pay for private school tuition, and enter an amended order with appropriate findings and conclusions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
BJORGEN, J.

We concur:

_____
HUNT, J.

_____
MAXA, J.

13