# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 71915-7-I |
| | ) | |
| SANDRA LEE NORRIS, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| BRETT ALAN NORRIS, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 20, 2015 |
| | ) | |

LEACH, J. — Brett Norris appeals the trial court's award of maintenance to his former spouse, Sandra Norris. Because Brett fails to identify any legal error or abuse of discretion, we affirm and award attorney fees on appeal to Sandra Norris.

## FACTS

Brett and Sandra Norris married in June 1984. Brett worked as an electrician most of the marriage. Sandra worked for an insurance company until shortly before the birth of the first of the couple's five children. Rather than returning to employment outside the home, Sandra cared for and homeschooled the children. Brett and Sandra separated in December 2008. The trial court entered temporary orders requiring Brett to pay undifferentiated family support of $4,000 per month.

At trial in January 2014, Sandra testified about physical limitations and medical concerns that she had experienced throughout the marriage and the later separation. She attributed her various health challenges to 23 years of "severe fibromyalgia," the Epstein-Barr virus as diagnosed in 1991, and a head injury sustained in 2005. She described her severe "debilitating and constant" headaches, her sleep disorders, chemical allergies, a tremor in her right arm, an "autoimmune disease," her hypersensitivity to light, noise, and motion, and problems with stress and hormone issues. She testified that her extreme physical limitations and her lack of specialized education prevented her from obtaining stable employment after the couple's separation. She believed self-employment presented her best prospect for earning income. However, she had not had any success in her efforts to start a home-based business by the time of trial.

Brett testified that he was aware of Sandra's health complaints and that she had been diagnosed with fibromyalgia and the Epstein-Barr virus. He testified that he had been paying for her health care "all [his] married life." Brett also described his bankruptcy following the couple's separation, testified that he had been demoted at work as a result of the length and stress of the dissolution proceedings, and admitted a current gross monthly income of $8,443.10.

The trial court issued its oral opinion in February 2014. In April, the court entered orders dissolving the marriage, distributing the property, and providing for the care of the single minor child. The court ordered Brett to pay $2,500 per month in spousal maintenance until his 65th birthday and $1,000 per month thereafter.

Brett appeals.

## ANALYSIS

Brett challenges the amount and duration of the court's maintenance award to Sandra. The trial court has broad discretion to award spousal maintenance.[1] Given the strong interest in the finality of marriage dissolution proceedings, we defer to the trial court and will affirm "unless no reasonable judge would have reached the same conclusion."[2] RCW 26.09.090 places one limitation on the amount and duration of maintenance: the award must be just.[3] The relevant statutory factors the court must consider include each party's financial resources; the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; the standard of living during the

---

[1] In re Marriage of Bulicek, 59 Wn. App. 630, 633, 800 P.2d 394 (1990).
[2] In re Marriage of Kim, 179 Wn. App. 232, 240, 317 P.3d 555 (citing In re Marriage of Landry, 103 Wn.2d 807, 809-10, 699 P.2d 214 (1985)), review denied, 180 Wn.2d 1012 (2014).
[3] In re Marriage of Luckey, 73 Wn. App. 201, 209, 868 P.2d 189 (1994).

marriage; the duration of the marriage; and the time needed to acquire education necessary to obtain employment.[4]

Brett first claims the trial court abused its discretion by ordering maintenance based on Sandra's claimed disability without "objective evidence" to support her testimony regarding her health. He claims that the trial court should have required additional evidence, such as medical records, before determining Sandra's physical condition, particularly because of his claim that her testimony was not generally credible. But he cites no authority supporting his claim that a spouse seeking maintenance must present "objective evidence," such as medical records, to establish his or her physical condition or that a trial court abuses its discretion by making findings about a party's physical condition without this evidence. The Rules of Appellate Procedure require that an appellant provide "argument in support of the issues presented for review, together with citations to legal authority."[5] We need not consider arguments not supported by citation to pertinent authority.[6] Moreover, this court does not review the trial court's credibility determinations or weigh conflicting evidence.[7]

---

[4] RCW 26.09.090; In re Marriage of Vander Veen, 62 Wn. App. 861, 867, 815 P.2d 843 (1991).
[5] RAP 10.3(a)(6).
[6] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).
[7] In re Marriage of Rich, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996).

Brett also argues the trial court abused its discretion because the maintenance order, together with his child support obligation of $688.75 per month and an unspecified amount for an older child's postsecondary education, leaves him only "between 20 and 28 per cent of his net pay to live on." He also claims the amount and duration of the maintenance order is manifestly unreasonable and unfair because it attempts to "recreate a lifestyle" Sandra enjoyed while he worked "80 hour weeks" before his demotion and bankruptcy. The record does not support these claims.

At trial, Brett provided a financial declaration listing his current gross monthly income as $8,443.10 and identifying $2,016.26 in monthly deductions for taxes, pension, industrial insurance, and union dues. He did not claim that his current income required excessive working hours, testifying instead that he "can't work the 80-hour weeks that [he] used to work." In its oral ruling, the trial court specifically adopted Brett's figure for his current gross monthly income. Although the record does not include the child support order or worksheet, Brett does not claim that the trial court adopted incorrect monthly deductions. The record simply does not support his assertions that the trial court unjustly or unreasonably allocated the vast majority of his income to maintenance.

The trial court explicitly cited RCW 26.09.090 and considered each of the relevant statutory factors. The trial court considered the "financial resources of

the parties," as well as how it had "apportioned" "the property and debts." The marriage lasted 24 years. Most of these years Sandra did not work outside the home. She did not obtain education or training for employment. Sandra testified to suffering significant and long-term health issues. Brett acknowledged Sandra's health complaints and treatment during the marriage. "After weighing all the various factors" and "balancing everything," the trial court set the maintenance at $2,500 per month for approximately 15 years and then $1,000 per month after Brett's 65th birthday, "which is about when presumably the pensions and Social Security come into play." Brett fails to demonstrate any abuse of discretion.

Sandra requests an award of attorney fees and costs on appeal. RCW 26.09.140 authorizes an award based on the financial circumstances of the parties. When considering whether to award attorney fees on appeal in dissolution cases, a court should examine the arguable merit of the issues raised and the financial resources of the parties.[8] Brett's claims on appeal lack arguable merit. Sandra has filed a financial declaration indicating slightly more than $400 income per month in addition to maintenance, for an annual gross income of approximately $34,800. Based on his testimony at trial, Brett's annual net income, after paying maintenance, is approximately $47,122. Because

---

[8] In re Marriage of Griffin, 114 Wn.2d 772, 779-80, 791 P.2d 519 (1990).

Sandra clearly has need and Brett has the ability to pay, we grant her request for fees and costs on appeal.

Affirmed.

Leach, J.

WE CONCUR:

Becker, J.